

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 5, 1971

Honorable Royce Adkins
District Attorney
39th Judicial District
P. O. Box 68
Haskell, Texas   79521

Opinion No. M-920

Re: Construction of the meaning
of the term "40 hour course",
as set out in H. B. 168 of
the 62nd Legislature, Regular
Session, 1971.

Dear Mr. Adkins:

You have requested an opinion from this office, concerning the legislative intent or meaning under Section (b) of H. B. 168 of the 62nd Legislature, Regular Session, of whether the "40 hour course in the performance of his duties" for a justice of the peace means forty semester hours, or a course of forty hours of instruction.  Consequently, we have confined our discussion to this sole issue.

H. B. 168 of the 62nd Legislature, Regular Session, reads as follows:

"Art. 5972. 'Incompetency.'

"(a) By 'incompetency' as used herein is meant gross ignorance of official duties, or gross carelessness in the discharge of them; or an officer may be found to be incompetent when, by reason of some serious physical or mental defect, not existing at the time of his election, he has become unfit or unable to discharge promptly and properly the duties of his office.

"(b) In the case of a justice of the peace who is not a licensed attorney, 'incompetency' also includes the failure to successfully complete within one year from the date he is first elected, or if he is in office on the effective date of this Act, one year from the effective date of this Act, a forty-hour course in the performance of his duties; said course to be completed in any accredited state-supported school of higher education.

"Sec. 2. Persons having served two terms or more as a duly elected justice of the peace are exempted from provisions of subsection (b) of this Act.  . . ."

-4492-

The statute, as amended, implements Article V, Section 24, Constitution of Texas, which provides for removal of various county officers, including justices of the peace, for "incompetency, official misconduct, habitual drunkenness, or other causes defined by law . . ."

It can be seen from a reading of Sec. (b) of H. B. 168, supra, that if the "40 hour course" were to be construed as meaning forty semester hours, for individuals who are elected or have been elected to the office of justice of the peace and who are not licensed attorneys, which course must be completed either one year from the date he is first elected, or if in office within one year from the effective date of this Act, (Aug. 1, 1971) would be placing an unreasonable construction on the Act, as an individual could not both attend a state-supported school of higher education away from his home, (which would be necessary to complete forty semester hours) and attend to the duties of his office of justice of the peace.

In Texas Jurisprudence 2d, Volume 53 at page 223, Statutes, it is stated:

"A statute will be construed in such a manner as to make it effective, that is, enforceable and operative, if it is fairly susceptible of such an interpretation. Thus, where two constructions might reasonably be given a statute, of which one will effectuate the legislative intent and purpose and make the act operative, whereas the other will defeat that intent and purpose and render it inoperative, the former construction will be adopted. . . ."

We have concluded that the Legislature intended the term "40 hour course" as set out in H. B. 168, supra, to mean a forty hour course of instruction as determined by the state-supported accredited institution of higher learning.

## SUMMARY

The term "40 hour course in the performance of his duties" as set out in Section (b) of H. B. 168 of the 62nd Legislature, Regular Session, means forty hour course of instruction as determined by the state-supported accredited institutions of higher learning.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-4493-

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ivan Williams
Brandon Bickett
James Mabry
Ray McGregor

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant